## In re MADISON'S PARTNER GROUP, INC., Debtor.

### Bankruptcy No. 3–86–449.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Nov. 7, 1986.

Ronald Groth, Minneapolis, for debtor.

Michael Kallas, Minneapolis, for First Edition Equipment Partnership No. 1.

Patrick Scallen, St. Paul, for Last Nat. Corp.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter is before the Court on motion by First Edition Equipment Partnership No. 1 seeking various forms of relief regarding a certain premises sublease. Appearances were noted in the record. Hearing was held on October 24, 1986. Based on arguments and memoranda of counsel, the Court being fully advised in the matter now makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

On January 21, 1985, an entity known as First Edition Management Limited Partnership (FEMLP) subleased certain premises to the Debtor in connection with the operation of its bar and restaurant business.[1] On the same date, the Debtor entered into a sublease with an entity known as First Edition, Inc. (FEI) for certain equipment that the corporation had originally leased from the movant, First Edition Equipment Partnership No. 1 (FEEP).[2] The premises sublease between FEMLP and the Debtor required, among other things, that the Debtor keep current its payments due FEEP under the equipment sublease it executed with FEI on the same date, and that default on the equipment sublease would

---

1. FEMLP was original lessee of the premises on a lease with an entity known as Last National Corporation.

2. The interests of FEEP and the Debtor, as successor-in-interest from FEI, are presently the subject of a pending adversary proceeding brought by the Debtor for declaratory judgment

constitute a default under the premises sublease. This provision is referred to in the premises sublease as a "cross default" provision.

The premises sublease was in default in a number of respects when the Debtor's Chapter 11 petition was filed on February 21, 1986. Thereafter, on April 17, 1986, the Debtor cured all defaults except payments due on the FEEP equipment sublease, and has, since that time, otherwise remained current on the Debtor's obligations under the premises sublease. The Debtor did not seek or obtain a Court Order approving assumption of the sublease, but notified the appropriate parties by certified mail, return receipt, of the assumption and payments made to cure the defaults.

FEEP seeks the following relief:

1. That the Debtor be deemed to have rejected the premises sublease and that it be directed to vacate and surrender possession of the premises to FEMLP pursuant to 11 U.S.C. § 365(d)(4);

2. That the Debtor be directed to immediately pay to FEEP the sum of $31,448.00, together with interest and costs provided in the equipment sublease pursuant to 11 U.S.C. § 365(d)(3);

3. In the alternative, that the Court fix a time within which the Debtor must seek Court approval to assume or reject the premises sublease and that, pending said assumption or rejection, the Debtor be required to surrender the premises to FEMLP, and that the Debtor be further directed to pay FEEP $47,172.00 in claimed arrearages due under the premises sublease.

## II.

FEEP claims that the premises sublease was not effectively assumed on April 17, for two reasons:

1. No Court approval was obtained as required by 11 U.S.C. § 365(a); and more importantly,

2. The Debtor did not make all necessary payments to cure the existing defaults—namely, payments due FEEP on the equipment sublease as required under the cross-default provisions of the premises sublease.

The Debtor counters that FEEP has no standing to seek a determination with respect to assumption or rejection of the premises sublease to which it was not a party. Furthermore, Debtor argues, Debtor properly assumed the premises sublease by clear and unequivocal act with notice to the appropriate parties. Regarding payment on the equipment sublease, the Debtor argues that the cross-default provision should not be considered under §§ 365(d)(3) and (4) with respect to the question of assumption or rejection of the premises sublease, especially under circumstances where the arrangement is subject to a good-faith challenge regarding its nature as a lease.[3]

■■ FEEP has no standing to seek relief under § 365(d)(4) on behalf of FEMLP regarding the premises sublease. Although FEEP appears to be a third-party beneficiary of the cross-default provision, an order deeming the sublease rejected and ordering surrender of the premises would not be remedial to FEEP.[4] Such an order would not entitle FEEP to either possession of equipment or payment. FEMLP has no rights regarding the equipment and no obligation to pay for it.

Even if FEMLP was the movant, the request for relief would be denied under

---

that the purported lease is, in fact, an installment sales contract with FEEP having only an unperfected security interest in the equipment.

**3.** If the Debtor is successful in its adversary proceeding, the claim of FEEP as it relates to the equipment sublease will be nothing more than an unsecured claim. The Debtor argues that to recognize the cross-default provision in its premises sublease with FEMLP would, in

effect, elevate treatment of the FEEP unsecured claim to the most favorably treated status afforded true nonresidential real estate lease claimants during pendency of a Chapter 11 case.

**4.** Of course, performance of the obligation under the cross-default provision as a condition of assumption of the premises sublease, would be remedial to FEEP. However, as discussed later,

the circumstances of the matter.[5] FEMLP is not a party to the equipment sublease, has no apparent interest in its performance, and stands to suffer no legal prejudice by its nonperformance.

 A cross-default provision in a nonresidential real estate lease that obligates a lessee to perform a contract that the lessor is not a party to, should not be subject to cure on assumption of the lease under § 365 unless the lessor can show either: (1) special consideration furnished by the lessor in connection with the provision; or (2) prejudice to the lessor's lease bargain by its nonperformance. Nothing in § 365, affording priority treatment to the claims of certain nonresidential real estate lessors, suggests that Congress intended that the nonqualifying claims of others should receive the same priority treatment simply because they might be beneficiaries under cross-default clauses in nonresidential real estate leases.[6]

Accordingly, unless FEMLP could show special consideration furnished by it in connection with the cross-default provision, or prejudice to its lease bargain by nonperformance, the relief could not be appropriately granted even if FEMLP was the moving party. Otherwise, such relief would administer to the direct and sole benefit of a nonqualifying claimant under §§ 365(d)(3) and (4).

Based on the foregoing, IT IS HEREBY ORDERED: the motion of First Edition Equipment Partnership No. 1 for an order deeming the sublease between First Edition Management Partnership and the Debtor to be rejected and for other relief, is denied in its entirety.

---

5. The premises sublease was timely assumed by unequivocal act and will not be deemed rejected on the basis of failure to obtain Court approval. it would be inappropriate to require that performance as a condition for its assumption.

6. In this case, FEEP is at best a lessor of personal property and its claim is not entitled to treatment afforded by either §§ 365(d)(3) or (4). If FEEP is an unsecured creditor, § 365 has no independent application to its claim at all.